nw

555 TEH TEH

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

E-filing

FILED JUL - 8 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

Name PEREZ JUAN O.
(Last) (First) (Initial)

Prisoner Number F-65615 T-65615

Institutional Address California Men's Colony P.O. Box 8103 San Luis Obispo, Ca. 93403-8103

(PR)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CV 08 3290 TEH

JUAN OCHOA PEREZ
(Enter the full name of plaintiff in this action.)

vs.

COUNTY OF SAN MATEO;
SAN MATEO COUNTY SHERIFF DEPT.;
SAN MATEO COUNTY JAIL
SAN MATEO COUNTY HEALTH SERVICES AGENCY
(Enter the full name of the defendant(s) in this action)

Case No. ____________
(To be provided by the clerk of court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

STATE TORT CLAIMS (Supplemental Jurisdiction)

***[All questions on this complaint form must be answered in order for your action to proceed..]***

I. Exhaustion of Administrative Remedies

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A. Place of present confinement California Men's Colony (Calif. Dept. of Corrections and Rehabilitation)

B. Is there a grievance procedure in this institution?

YES ( ) NO ( ) Not Applicable. Suit is against prior custodian before entering prison.

C. Did you present the facts in your complaint for review through the grievance procedure?

YES (X) NO ( ) Through the San Mateo County Jail procedure, as available.

D. If your answer is YES, list the appeal number and the date and result of the

appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal See attached at Page 10 "STATEMENT ON ADMINISTRATIVE EXHAUSTION"

2. First formal level See attached at Page 11 "STATEMENT ON EQUITABLE TOLLING AND ESTOPPEL"

3. Second formal level See attached at Page 12 "RELIEF FROM UNTIMELY STATE TORT CLAIM"

4 Third formal level

E. Is the last level to which you appealed the highest level of appeal available to you?

YES ( ) NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. N/A

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

JUAN OCHOA PEREZ
California Men's Colony
P.O. Box 8103 San Luis Obispo, Ca. 93403-8103

B. Write the full name of each defendant, his or her official position, and his or her

place of employment.

County of San Mateo

San Mateo County Sheriff's Dept.

San Mateo County Jail Facilities

San Mateo County Health Services Agency

III.

Statement of Claim (See: Appendix: 1 for initial injury information).

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph. I - Cruel and Unusual Punishment

1. Defendants failed to provide necessary medical care for a serious spinal injury which occurred June 27, 2006 when plaintiff slipped and fell while working in the San Mateo County Jail Facilities ("County Jail") kitchen area. This is shown via EXHIBITS: A and B.

2. Upon leaving custody of San Mateo County Sheriff ("County Sheriff"), plaintiff entered prison; the California Dept. of Corrections and Rehabilitation (CDCR) about March 14, 2007.

(see continued pages on Statement of Claim)

~~IV. Relief~~ (See continued pages)

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

3. On March 27, 2007 plaintiff applied for, and on April 30, 2007 C.D.C.R. verified plaintiff's disabilities under the American With Disabilities Act ("A.D.A.") (EXHIBIT: C)

4. On April 25, 2007 CDCR approved for plaintiff "Mobility Impairment - Other" verification, as shown on a "DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)" (EXHIBIT: D) ("DPPV")

5. On October 21, 2007 plaintiff applied for, and was again on December 21, 2007, verified by CDCR under the "A.D.A." This time plaintiff was [illegible] applied "...totally disabled..." (EXHIBIT: E)

6. Clearly, as shown by state trial court orders (EXHIBIT: B) plaintiff was in chronic pain and in fact, disabled while in defendant's custody and care.

7. Defendants showed "deliberate indifference to serious medical needs" in denying, delaying, and interfering with access to medical services, and, when such services were made available, said medical services did not meet the "standard of care" within the local community.

8. Defendant's deliberate indifference to serious medical needs constitute violations of the Eighth Amendment to the United States Constitution.

9. Had defendants acted as required by Federal Constitution (Eighth Amendment) and as a "State-created Liberty interest" (Fourteenth Amendment) pursuant to California Penal Code sections 142, 673, 4011, 4011.1, 4011.5, 4011.6, 4011.10, 4015, ... plaintiff:

(a) Would have been alleviated of prolonged and heightened spinal pain for those many months from injury, 6-27-2006, until discharge from defendant's custody on March 14, 2007 (into CDCR custody)

(b) Would not have degraded to the point whereby he is now facing a lifetime of total disability and prevented from any gainful employment.

(c) Would not be where he is today, almost two-years after injury and with incessantly radiating pain.

II - Violation of "Torture Convention"

10. In fact, it was not until April - May [illegible] upon contacting the Consul General of Mexico (while incarcerated in CDCR) regarding violations of the "Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment" 39 U.N. GAOR Supp (No. 51) [illegible] ("Torture Convention") that plaintiff's medical treatment was heightened so as to lay the groundwork for:

(a) Intervention.

(b) Treatment and Rehabilitation.

11. Clearly though, if CDCR acted in response to a "Torture Convention" claim, and CDCR can show at least a history of deminimus medical care, the clear denial of medical care by defendants implicates "Torture Convention" violations.

12. Violations of the "Torture Convention" clearly warrant federal intervention to correct defendant's practices, policies, and customs as they [illegible] "Jus cogens" peremptory norms. (See, Siderman de Blake v. Argentina (9th Cir. 1992) 965 F.2d 699, 715-717).

III - Violation of the "International Covenant on Civil and Political Rights" ("ICCPR")

13. In addition to violation of the "Torture Convention" defendants violate the ICCPR, Article 7 - "... torture or to cruel, inhuman or degrading treatment or punishment," and Article 10

14. As established in Maria v. McElroy (E.D. N.Y. 1998) 68 F.Supp.2d 206, 231-232:

"INTERNATIONAL LAW

An act of Congress should be construed in accordance with international law..."

"The International Covenant Of Civil And Political Rights

The ICCPR became the law of the United States on September 8, 1992. ... It applies to all people within the territories of the United States."

15. Thus, as ICCPR is federal law, not only can foreign STATE PARTIES act on behalf of its nationals, "all people" may act on their own accord to seek its enforcement irregardless of foreign government action via the Human Rights Committee at the United Nations.

IV - Violations of Equal Protections Under Law

16. Plaintiff, due to his being a national of Mexico, and more so due to his effective illiteracy, was [illegible], and via defendant's practices, customs, and policies:

(a) Denied access to "Inmate Grievance Forms" written in his native language.

(b) Denied access to legal assistance within the "Jail Facilities" who could interpret and work through administrative and medical grievances, in plaintiff's native language.

17. The entire focus of defendant's "Jail Facilities" are 'english', if not in fact applied as english-only.

18. This practice, custom, and policy of "County Sheriff" via its custodial authority over "Jail Facilities" and implemented within "Health Services Agency" is sanctioned by the County of San Mateo as its Board of Supervisors has taken no proactive steps to order or establish clear County executive intent and policy otherwise. The "blind eye" will not absolve municipal liability.

V - STATE TORT CLAIMS
(Supplemental Jurisdiction)

19. Plaintiff has a state statute protection of "bodily ... harm" pursuant to Calif. Civil Code §43. Defendants have a statutory obligation to not harm pursuant to Calif. Civil Code §1708.

20. Defendants have statutory obligations pursuant to provision of medical care pursuant to Calif. Penal Code §§ 147, 673, 4011 et seq, 4015.

21. As such, defendants were NEGLIGENT pursuant to Calif. Civil Code §1708-1725. As the negligent acts came in conjunction with state statutory created duty of care, the claim meets Calif. Govt. Code §815.2(a). (Reudon v. City of Fresno (E.D. Cal. 2005) 2005 U.S. Dist. LEXIS 31623, at pp. 18, 22).

22. It is alleged that a failure to properly train and supervise the employees of defendant public entities is a "direct" act on the part of the entity, (Id.), and that the employees carried out municipal practice, custom, and policy, negligently, within the scope of their employment (Id.)

STATEMENT ON ADMINISTRATIVE EXHAUSTION

23. Plaintiff is a national of MEXICO who was in the custody of defendants from June 4, 2006 to March 14, 2007. Plaintiff is for all intents and purposes, illiterate.

24. Attached at EXHIBIT: A is a May 4, 2008 dated claim for damages filed with the SAN MATEO BOARD OF SUPERVISORS. Included with the claim are various "SAN MATEO COUNTY JAIL FACILITIES" "Inmate Grievance Forms" filed while in defendant's custody.

25. These administrative remedies were filled out by other inmates for plaintiff. Until discovery is undertaken, we cannot ascertain the 'Level' of administrative exhaustion.

26. Attached at EXHIBIT: B is the Register of Actions for the underlying criminal matter. The state trial court ordered defendants to provide medical care on 11/16/06, 11/22/06, and 2/07/07.

27. Plaintiff, injuring his spine in a fall while working in defendant's jail kitchen, acted to the best of his ability within confinement, and via his attorney in the criminal matter, to push for administrative action in providing competent medical services.

STATEMENT ON EQUITABLE TOLLING AND ESTOPPEL

28. As delineated in EXHIBIT: A, defendants took clear advantage of a disabled and evidently an illiterate individual, triggering Tolling and Estoppel.

29. Defendants did so regarding both the issues of medical treatment and administrative grievance procedures.

30. Plaintiff, after transferring from defendant's custody to state prison custody MARCH 19, 2007 at the CDCR SAN QUENTIN Reception Center, was transferred to state prison reception center at Delano, then, to state prison at Avenal, and finally to state prison at Calif. Men's Colony which has an integrated hospital facility.

31. Plaintiff being disabled and illiterate, being unable to walk to the law library and incapable of comprehending an english-only law library, was denied "meaningful access to the courts" and a "full and fair opportunity to litigate"; including meaningful access to administrative arms and units of government (Jarrow Formulus, Inc. v. La Marche (2002) 97 Cal.App.4th 1, 118 Cal.Rptr.2d 388, 401; O'Keefe v. Van Boening (9th Cir. 1996) 82 F.3d 322, 325)

RELIEF FROM UNTIMELY STATE TORT CLAIM

32. "Relief from the failure to timely present a government tort claim is available only if the petitioner establishes by a preponderance of the evidence the failure was "through mistake, inadvertence, surprise, or excusable neglect." ([Calif. Gov't. Code] § 946.6, subd. (c)(1)...) ... ... when tested by the objective 'reasonably prudent person' standard. ... ... 'the act or omission of a reasonably prudent person under the same or similar circumstances'." (RENTERIA v. Juvenile Justice Dept. of Corrections and Rehabilitation (2006) 135 CalApp.4th 903, 908, 37 CalRptr.3d 777, 782).

33. Defendant, COUNTY of SAN MATEO, having received plaintiff's state tort claim (EXHIBIT: A) and request for late claim (EXHIBIT: A at pp. 6-7), and having DENIED the claim and request for late claim (EXHIBIT: F), does move this court to allow proceeding on state tort claims by accepting the late government tort claim filing pursuant to relief available as cited, or on other authority at the court's discretion.

34. Plaintiff seeks monetary damages to cover loss of future income and to cover future medical (Individual Ca[illegible]). Plaintiff seeks injunctive relief (Official Capacity) compelling defendants to make substantive changes in practices, policies and customs so to provide necessary medical and rehabilitative care, and on a timely basis.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 18th day of June, 2008

PEREZ JUAN

(Plaintiff's signature)

APPENDIX: 1

APPENDIX: 1

1.

During petitioners incarceration at San Mateo County Jail, at Redwood City, California, 94063, petitioner was assigned to work in the Kitchen at the jail.

On June 27, 2006, at approximately 1700 hours, petitioner was cleaning the kitchen, cleaning trays off into a large plastic bag. When the bag was full, petitioner tied off the top and put the bag on his right shoulder. In the process of carrying the bag of garbage, which weighed approximately 25lbs, petitioner slipped on the wet floor fell backwards with the bag of garbage falling on top of him. That is when Mr. Perez heard a snap in his lower back.

He was then taken to the infirmary at approximately 1730 hours, and looked at by the jail M.D., and was told nothing was wrong with him, received (1) pain pill and was told to return to work the next day, even after Mr. Perez explained that he was in extreme pain in his lower back and neck - the doctor did not believe that he was injured.

From June 27, 2006 until July 19, 2006 when petitioner was finally taken for x-rays, petitioner was in the infirmary hospital. This entire time petitioner was sleeping, leaning on the middle bunk because he could not lay down due to the pain in his lower back and neck.

Juan Perez
F-65615
C.M.C.
P.O. Box 8103
San Luis Obispo Ca.
93403-8103
LEGAL MA
CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409
UNITED STATES POSTAGE
$ 02.1
MAILED FROM ZIP CODE
RECEIVED
JUL - 1 2008
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA
RECEIV
JUL - 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Clerk of the Court
U.S. District Court
Northern District of Calif. Its Forward to correct Ad
San Francisco Division
450 Golden Gate Ave
San Francisco CA 94102-2001

Mailing & Filing Date 6/19/2008 per Houston v. Lack (1988) 108 S.Ct 2379, 2385